State v. Bryant

---

STATE OF NORTH CAROLINA v. UTAH ELI BRYANT

No. 7326SC272

(Filed 23 May 1973)

**Criminal Law §§ 154, 155.5— failure to docket record and serve case on on appeal in time**

    Appeal is subject to dismissal where the record on appeal was not docketed within 90 days after the date of the judgment appealed from and the case on appeal was not served within the time allowed by the trial court. Court of Appeals Rules 5 and 48.

APPEAL by defendant from *Friday, Judge,* 26 September 1972 Criminal Session of MECKLENBURG Superior Court.

Defendant entered a plea of guilty to the charge of assault with intent to commit rape, and was sentenced to imprisonment for a period of not less than five nor more than seven years.

*Attorney General Robert Morgan by Associate Attorney C. Diederich Heidgerd for the State.*

*Gene H. Kendall for defendant appellant.*

CAMPBELL, Judge.

Defendant's plea of guilty was accepted only after he had been carefully examined by the trial judge and had signed a written "transcript of plea," which examination showed that he entered his plea of guilty in conformance with the ruling in *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969).

The defendant did not protest his innocence at the time he tendered his guilty plea, but rather acknowledged that he was in fact guilty. The ruling of *North Carolina v. Alford,* 400 U.S. 25, 27 L.Ed. 2d 162, 91 S.Ct. 160 (1970), therefore does not apply.

Judgment was entered on defendant's plea on 26 September 1972. As there was no order by the trial tribunal granting an extension of time, this appeal should have been docketed with the Court of Appeals within 90 days after the date of judgment, or by 25 December 1972. Rule 5, Rules of Practice in the Court of Appeals. Defendant did not docket the appeal until 5 February 1973.

The appeal entry was dated 5 October 1972, at which time the trial judge allowed defendant 50 days to prepare and serve the case on appeal, which service should have been made by 24 November 1972. Defendant did not secure from the trial judge an order extending the time to serve the case on appeal, and did not in fact serve the case until 1 December 1972.

For failure to comply with these rules, defendant's appeal is subject to dismissal. Rule 48, Rules of Practice in the Court of Appeals. Nevertheless, the record shows no error.

No error.

Judges PARKER and HEDRICK concur.